IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JON KEMP BAUER and | ) | Case No. 05-63018 |
| JUANITA SUE BAUER, | ) | |
| | ) | |
|       Debtors. | ) | |
| _____ | ) | |
| | ) | |
| FRED CHARLES MOON, | ) | |
| Chapter 7 Trustee, | ) | |
| | ) | |
|       Plaintiff, | ) | |
| | ) | |
|    vs. | ) | Adv. No. 06-6061 |
| | ) | |
| MICHAEL LAWRENCE BAUER, | ) | |
| Individually and as Personal | ) | |
| Representative of the Estate | ) | |
| of Jon Kemp Bauer, Deceased, | ) | |
| | ) | |
|       Defendant. | ) | |

### ORDER DENYING DEFENDANT'S MOTION
### FOR ABSTENTION PURSUANT TO 11 U.S.C. § 305

Defendant Michael Lawrence Bauer requests that I suspend the proceedings in the above-captioned bankruptcy case pursuant to 11 U.S.C. § 305. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O) over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), 157(a), and 157(b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons that follow, I will deny the motion.

Debtors Jon Kemp Bauer and Juanita Sue Bauer filed a voluntary Chapter 7 Petition

on September 23, 2005. Fred Charles Moon was appointed as the Chapter 7 Trustee. The Debtors attended their § 341 Meeting of Creditors, following which the Trustee issued a Report of No Distribution on November 21, 2005. On November 27, 2005, the Debtors were involved in an automobile accident which resulted in both of their deaths. Shortly thereafter, their attorney filed Suggestions of Death in the case. Subsequently, the Trustee discovered the possible existence of life insurance policies on the lives of each of the Debtors and he withdrew his Report of No Distribution. On January 18, 2006, the Debtors received their discharge. The case has remained open, however, and the Trustee is investigating the existence of possible life insurance policies.

Meanwhile, on or about February 28, 2006, Michael Bauer filed an Application for Letters of Administration with the Probate Division of the Circuit Court of Greene County, Missouri. Pursuant to Letters of Administration of the Greene County Court, Michael is the acting personal representative in each of the Debtors' probate estates. According to the Trustee, Michael has made claims against life insurance policies which insured the lives of each of the Debtors.

The Chapter 7 Trustee has filed this adversary action against Michael, asserting that the proceeds from the life insurance policies and certain other items are property of the bankruptcy estate pursuant to § 541(a)(5), and seeking their turnover. Michael answered, and filed this Motion requesting that I suspend these proceedings under § 305 of the Bankruptcy Code to permit him to administer all of the assets and claims in the probate estates. The Trustee opposes this Motion.

Section 305 provides that the court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title if "the interests of creditors and the debtor would be better served by such dismissal or suspension."[1] Michael asserts it would be in the best interest of the creditors and the bankruptcy estate to permit him, in his capacity of Personal Representative, to collect his parents' assets, determine claims, and make distribution to the claimants under Missouri's probate laws, rather than permitting the bankruptcy Trustee to do it here. He asserts that allowing this case to proceed simultaneously with the probate proceedings would create confusion and unnecessary administrative fees.

I agree with the Trustee that this bankruptcy case should not be dismissed or suspended. First, although § 305 generally permits a court to exercise its discretion to abstain if the interests of creditors and the debtor would be better served by such abstention, Rule 1016 expressly provides that the death of a debtor "shall not abate a liquidation case under Chapter 7 of the Code" and that, "[i]n such event the estate shall be administered and the case concluded in the same manner, so far as possible, as though the death . . . never occurred."[2]

Given this language, absent unusual circumstances, such as the complete inability to administer the bankruptcy estate without the assistance of the debtor, or where the interests of creditors will clearly otherwise be benefitted by abstention, a Chapter 7 case continues as

---

[1] 11 U.S.C. § 305(a)(1).

[2] Fed. R. Bankr. P. 1016.

if the death never occurred, insofar as possible.[3]

Nevertheless, as one court has said, the procedure that must be followed after the death of a debtor can be murky.[4] Here, since the Debtors attended their § 341 Meeting, however, the only potential complication comes from the dual administration of the bankruptcy and probate estates and determining which property belongs to which estate. However, this is not an unusually difficult task.[5]

With certain exceptions, when a debtor files a bankruptcy petition, all of the debtor's legal and equitable interests in property become property of the bankruptcy estate.[6] If a bankruptcy case is pending when a person dies, the only assets that go into the probate estate

---

[3] *See e.g., In re Peterson*, 897 F.2d 935, 938 (8th Cir. 1990) (recognizing that, whenever possible, the death of the debtor should not influence the administration or resolution of a bankruptcy proceeding); *In re Oliver*, 279 B.R. 69, 71 (Bankr. W.D. N.Y. 2002) (denying the United States Trustee's motion to dismiss a case due to the debtor's death because the UST had not shown that the debtor's inability to appear at the meeting of creditors would have a meaningly adverse impact on case administration); *In re Lucio*, 251 B.R. 705, 708 (Bankr. W.D. Tex. 2000) (holding it is clear that a Chapter 7 case can continue notwithstanding the death of the debtor); *In re Gridley*, 131 B.R. 447, 451 (Bankr. D. S.D. 1991) (if the jurisdiction of the bankruptcy court has rightfully attached, it cannot be defeated by the subsequent death of the Chapter 7 debtor) (citations omitted).

[4] *In re Lucio*, 251 B.R. at 708.

[5] *See id.*; *In re Oliver*, 279 B.R. at 70-71; *In re Costello*, 95 B.R. 594, 598 (Bankr. S.D. Ill. 1989) ("[b]ecause the individual debtor's role in the typical chapter 7 case is minor, with the administration of the estate conducted by the trustee, the debtor's death does not generally interfere in any significant way with the estate administration"); *In re Gridley*, 131 B.R. at 451 ("[t]he bankruptcy estate is fixed at the point in time when the petition is filed. When the debtor dies, the procedure for administering the decedent's probate estate is similar to a liquidation process, but the probate court has jurisdiction over this process. It is not affected by the bankruptcy process. Probate is concerned with exempt assets and any assets that have come into existence after the bankruptcy petition has been filed.").

[6] 11 U.S.C. § 541(a).

are the property claimed as exempt in the debtor's bankruptcy case and, with certain exceptions (such as life insurance benefits, discussed below), any property acquired by the debtor after the commencement of the case.[7] Conversely, the only debts for which the probate estate is liable will be those incurred by the decedent after the filing of the bankruptcy petition.[8] "The result is that the deceased debtor's pre-bankruptcy debts are discharged in the bankruptcy, and the deceased debtor's exempt assets are passed to the probate estate free of that debt."[9] As Congress has said:

> Once the estate is created, no interests in property of the estate remain in the debtor. Consequently, if the debtor dies during the case, only property exempted from property of the estate or acquired by the debtor after commencement of the case and not included as property of the estate will be available to the representative of the debtor's probate estate. The bankruptcy proceeding will continue *in rem* with respect to property of the estate, and the discharge will apply *in personam* to relieve the debtor, and thus his probate representative, of liability for dischargeable debts.[10]

Thus, all of the Debtors' legal and equitable interests when they filed the bankruptcy Petition, except for their exempt property, belongs to their bankruptcy estates for distribution to their prepetition creditors. Their exempt property will belong to the probate estates, free and clear of prepetition claims.

---

[7] *In re Lucio*, 251 B.R. at 709.

[8] *Id.*

[9] *Id. Accord In re Gridley*, 131 B.R. at 451 ("everything up to the commencement of the bankruptcy case is handled by the bankruptcy court and everything post-petition and after death is administered by the probate court.").

[10] Sen. Rep. No. 95-989, 95th Cong., 2d Sess. 82-3 (1978) (legislative history regarding § 541).

With regard to the proceeds from the life insurance policies, according to § 541(a)(5), the bankruptcy estate includes:

> Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date –
>
> * * *
>
> (C) as a beneficiary of a life insurance policy or of a death benefit plan.[11]

Under this provision, if either of the Debtors became entitled to receive proceeds as a beneficiary of a life insurance policy on the life of the other, those proceeds became property of that Debtor's bankruptcy estate.

Section 302(a) permits a married couple to file a joint petition in order to simplify administration and to permit the payment of one filing fee but, unless the estates are formally consolidated, which has not been done in this case, two separate bankruptcy estates continue to exist.[12] In this case, since both of the Debtors passed away within 180 days after filing the Petition, and it appears they may each have life insurance policies on the life of the other, the issue of which of the Debtors survived the other could be relevant: under § 541(a)(5)(C), the proceeds of the policies on the life of the first spouse to pass away would become property

---

[11] 11 U.S.C. § 541(a)(5)(C).

[12] *Reider v. FDIC (In re Reider)*, 31 F.3d 1102, 1104 (11th Cir. 1994); *In re Ageton*, 14 B.R. 833 (B.A.P. 9th Cir. 1981); *In re Beck*, 298 B.R. 616, 624 (Bankr. W.D. Mo. 2003); *In re Krak*, 2001 WL 1700027 (Bankr. M.D. N.C. 2001) (holding that the proceeds of the debtor-husband's life insurance policy became property of the debtor-wife's bankruptcy estate following his death).

of the surviving Debtor's bankruptcy estate if the policy made that Debtor its beneficiary. By way of example, although Michael disputes the Trustee's allegation as to which of his parents survived the other, the Trustee suggests that Mrs. Bauer died first. If that is true (and I make no finding on that issue here), the proceeds of life insurance policies on her life, to which Mr. Bauer was the beneficiary, became property of his bankruptcy estate, which could be used to pay his sole and joint creditors, subject to any applicable exemptions. On the flip side, still assuming Mrs. Bauer predeceased Mr. Bauer, then the proceeds from the policies on Mr. Bauer's life would not become property of Mrs. Bauer's bankruptcy estate because she never "acquired or become entitled to acquire" them. Rather, in such case, the proceeds from the policies on his life would go to the alternate beneficiary or his probate estate.[13]

Finally, although neither of the parties has raised the issue, I note that, because this Court will only be called upon to determine what property belongs to the Debtors' bankruptcy estates under bankruptcy law, and this Court will not be called upon to probate the Debtors' wills or administer their respective probate estates, the probate exception to federal jurisdiction is not implicated.[14] And, as one court has said:

> Although probate and bankruptcy proceedings may proceed simultaneously with little or no difficulty, it is important that the proceedings remain independent of each other. For example, the bankruptcy court has exclusive

---

[13] *Accord In re Goldberg*, 98 B.R. 353, 359 (Bankr. N.D. Ill. 1989) (holding that the proceeds of a life insurance contract never became property of the debtor-decedent's bankruptcy estate because the debtor-decedent's probate estate, rather than the debtor-decedent, was entitled to acquire the insurance payment. Since the debtor and the probate estate are separate entities, the insurance payment never became property of the bankruptcy estate.)

[14] *See Marshall v. Marshall*, ___ U.S. ____, 126 S.Ct. 1735, ___ L.Ed.2d. ____ (2006).

jurisdiction to determine the debtor's exemptions as of the date of the filing, but does not have jurisdiction to determine exemptions in the probate estate as that is a matter left for the [state] probate court.  The probate estate has no authority to supervene the bankruptcy trustee's exclusive control over property of the bankruptcy estate.  *See* 28 U.S.C. § 1334(d).  Neither can the probate estate entertain collateral attacks on the claims allowance process.[15]

In sum, although the parties have not yet submitted evidence on some these issues for purposes of determining precisely what property belongs to which estate, I find there is no reason to suspend these proceedings, particularly given the language of Rule 1016 which mandates that the death of a debtor "shall not abate a liquidation case under Chapter 7 of the Code."

ACCORDINGLY, the Defendant's Motion for Abstention Pursuant to 11 U.S.C. § 305 is DENIED.  Trial will proceed as scheduled, and all deadlines currently set in the case remain in effect.

IT IS SO ORDERED.

/s/ Arthur B. Federman
Bankruptcy Judge

Date: June 1, 2006

---

[15] *In re Lucio*, 251 B.R. at 709-10.